CHASEZ, Judge.
Mrs. Audrey Gill, wife of Robert M. Lesnack, sued her husband for separation from bed and board, obtaining a judgment in her favor after trial on the merits on April 4, 1962. That same day the husband filed a suit for divorce against the wife on the grounds of adultery; and the wife thereafter answered the husband’s suit. On May 7, 1963, the wife filed a further petition in her own suit, alleging the passage of more than a year since the separation judgment without reconciliation, and praying for a divorce. The husband was personally served on May 17, 1963. On May 24, 1963, the husband’s action, and order consolidating the two cases was signed on May 24 and May 31, 1963, by the judges of the two divisions to which the cases were allotted.
The husband’s counsel notified the consolidation to an attorney who was formerly sole counsel of record for the wife in both cases. On May 14, 1963, that attorney had moved, in the wife’s action, to “associate” the attorneys presently appearing for the wife, and the wife’s present attorney alone signed the wife’s, petition for divorce. Present counsel for the wife, and the wife herself, were not informed of the consolidation, and because the record in the wife’s suit was not found by the clerk’s office when the consolidation was ordered, the record in the wife’s suit itself bore no indication that it had been consolidated with the husband’s suit.
The wife and her counsel being thus completely unaware of the consolidation, and the husband having filed no answer to the wife’s suit, on June 7, 1963, the wife caused the entry of a preliminary default. On June 14, 1963, the default was confirmed against the husband and judgment was rendered in favor of the wife granting her a divorce, by a judge ad hoc who was equally unaware of the previous consolidation.
On Monday, June 17, 1963, presumably as a result of the wife’s refusal further to honor the husband’s visitation rights under a temporary child custody order, the husband learned of the default judgment and *915 moved for a new trial on the ground of the previous consolidation. After hearing on the rule the judge ad hoc refused a new trial.
We granted alternative writs of mandamus. The question presented is whether, under the circumstances, the district judge erred in refusing to set aside the default judgment and to grant a new trial.
We granted writs in this case, although normally remedy by appeal would appear to suffice, because a breakdown in the clerical routine in the clerk of court’s office was responsible for the absence of a notation of consolidation upon the wife’s record. Since the present situation is largely the result of that oversight, we are persuaded the exercise of our supervisory jurisdiction is proper.
The consolidation having in fact been ordered by the two judges involved, the clerk’s failure to mark one of the records consolidated cannot, of course, render the consolidation ineffective. As long as the consolidation is in effect, the two cases should be tried together.
No doubt the original default judgment in the wife’s suit was properly entered upon the record as it then .apparently stood. But when the hearing on the motion for a new trial showed the true state of the record, as consolidated with another suit for trial, the district judge should have granted the motion because the judges of the court having jurisdiction of both cases had previously ordered the two cases consolidated although, we repeat, none of the participants in the confirmation of the default were aware of said order.
Had the wife been aware of the consolidation order, she might have sought its rescission, or, if the husband refused to answer her suit she might have, in our opinion, taken her preliminary default in order to join issue and then moved to fix both cases for trial.
But merely because she was unaware of the order of consolidation (whether properly or improperly entered), she has no right to have it disregarded. Since the confirmation of default in effect nullified a previous order of consolidation without notice to the party affected, the court should have set the default judgment aside as void ab initio to enable the consolidated trial of both suits as previously ordered.
For the foregoing reasons the alternative writ herein issued is made absolute, and the Honorable L. Robert Rivarde, Judge Ad Hoc of the 24th Judicial District Court for the Parish of Jefferson is hereby directed to set aside the default judgment rendered by him on June 14, 1963, in case No. 64,055, Division “A”, entitled Audrey Gill, wife of Robert M. Lesnack v. Robert M. Lesnackj and to forthwith transfer said case for consolidation and trial with case No. 68,393, Division “C”, entitled Robert M. Lesnack v. Audrey Gill, wife of Robert M. Lesnack. Costs are to await the final disposition of these matters.
Writ made absolute.